UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-61404-RUIZ

**STEVEN MITCHEL**,

    Plaintiff,

v.

**ALLISON FRANKLIN**, *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Default Final Judgment against Defendants Allison Franklin and Drew Franklin (collectively, the "Franklin Defendants") [ECF No. 55] ("Motion") filed on July 1, 2019. Having reviewed the docket, applicable affidavits, and the Motion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, Final Judgment will be entered by separate order.

**BACKGROUND**

On July 25, 2018, Plaintiff filed an Amended Complaint [ECF No. 7] against VegasSportsConsultants.com and the Franklin Defendants.[1] Plaintiff alleges that the Defendants negligently and knowingly and/or willfully violated the Telephone Consumer Protection Act

---

[1] Defendant VegasSportsConsultants.com was dismissed from the above-styled action without prejudice because Plaintiff failed to serve Defendant VegasSportsConsultants.com within 90 days of filing the Amended Complaint [ECF No. 13].

("TCPA"), 47 U.S.C. § 227 *et seq.*, by utilizing an "automatic telephone dialing system" to send SPAM text messages, or "SMS Marketing" to advertise the Franklin Defendants' commercial business. Am. Compl. ¶ 20. According to Plaintiff's Amended Complaint, the Franklin Defendants sent Plaintiff at least six unsolicited text messages. *Id.*; *see also* Screenshots of Text Messages [ECF No. 7, Exhibits A-F]; Eggnatz Aff. [ECF No. 44] ¶ 6. Plaintiff alleges the text messages were sent without his consent and without invitation. Am. Compl. ¶¶ 34-35, 40. Additionally, Plaintiff claims that Plaintiff was not given an opportunity to "opt-out" of "receiving future unsolicited text messages from Defendant." *Id.* at ¶ 33; *see also* Screenshots of Text Messages.

On October 16, 2018, Plaintiff properly served the Franklin Defendants with the Amended Complaint. *See* Proof of Service [ECF No. 12]. The Franklin Defendants filed their respective Answers and Affirmative Defenses [ECF Nos. 17, 18] on November 27, 2018. On January 9, 2019, the Franklin Defendants terminated their counsel. *See* Mot. Withdraw Counsel [ECF No. 23]; Order Granting Mot. Withdraw Counsel [ECF No. 24]. Thereafter, the Franklin Defendants continued this litigation *pro se*.

After the Franklin Defendants failed to respond to several discovery requests, answer an Order to Compel Discovery [ECF No. 28], and appear for a telephonic deposition, the Plaintiff filed his Second Motion to Compel and Section Motion for Sanctions [ECF No. 32] ("Motion to Compel"). United States Magistrate Judge Barry S. Seltzer entered a Report and Recommendation on the Motion to Compel [ECF No. 34] ("Report") recommending the Court strike the Franklin Defendants' Answer and Affirmative Defenses and enter a default judgment as to the Franklin Defendants' liability for the amount sought by Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure. Report at 7. The Court affirmed and adopted Magistrate Judge Seltzer's

Report [ECF No. 41] and entered an Order Granting Plaintiff's Motion to Compel [ECF No. 42].

Pursuant to the Court's Order on Default Final Judgment Procedure [ECF No. 45], Plaintiff filed a Notice of Joint Liability [ECF No. 48] as to the Franklin Defendants. Upon receipt of the Notice of Joint Liability, the Court instructed the Plaintiff to file a Motion for Final Default Judgment [ECF No. 51]. On July 1, 2019, Plaintiff filed the Motion before the Court seeking a default final judgment against the Franklin Defendants and recovery of taxable costs. The Franklin Defendants did not file a response to the Motion nor have they otherwise appeared in this action since terminating their counsel.

## LEGAL STANDARD

A party may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the Court. *Mierzwicki v. CAB Asset Management LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014) (citing *Nishimatsu*, 515 F.2d at 1206). Therefore, a court may only enter a default judgment if there is a "sufficient basis to state a claim." *Id.*

## ANALYSIS

### I. Basis for Entering a Default Judgment

The TCPA prohibits the "use of an automatic telephone dialing system[,] . . . without the prior express consent of the called party, to call any . . . cellular telephone, or other service for which the receiver is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373

(2012). A successful plaintiff may be entitled to actual damages or $500 for each violation, whichever is greater. *Id.* "Damages may be trebled if 'the defendant willfully or knowingly violated' the [TCPA]." *Id.* Under the TCPA, a text message is considered a 'call.' *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

Upon review of Plaintiff's submissions, it appears there is a sufficient basis in the pleadings for default judgment to be entered in favor of the Plaintiff for the Franklin Defendants' negligent violation of the TCPA. According to Plaintiff's Amended Complaint, the Franklin Defendants used an automatic telephone dialing system to send Plaintiff at least six SPAM text messages to his cellular telephone. This is supported not only by the allegations in the Amended Complaint, but also by the screenshots of the text messages received by Plaintiff; additionally, Plaintiff's counsel submitted an affidavit verifying the content of the unsolicited text messages. The Amended Complaint also states that Plaintiff did not expressly consent to the Franklin Defendants contacting him via cellular telephone at all, let alone through means prohibited by the TCPA. Because Plaintiff's factual allegations must be taken as true, the Court consequently finds that the Franklin Defendants negligently violated the TCPA as a matter of law.

However, the Court finds that Plaintiff has not provided a sufficient basis to determine that the Franklin Defendants knowingly and/or willfully violated the TCPA. In *Arbelaez v. Capital Advance Solutions, LLC*, the court awarded treble damages to the plaintiff after the defendant defaulted because the plaintiff "plead, through her complaint and in her supporting affidavit, . . . that on at least two occasions she demanded that [d]efendant cease calling her, but that [d]efendant continued to place calls to [p]laintiff using an automatic dialing system." No. 15-23137, 2016 WL 2625020, at *1-2 (S.D. Fla. Jan. 20, 2016). In *Mierzwicki*, the court determined that the defaulting defendant knowingly and/or willfully violated the TCPA because the calls "continued even after

Page **4** of **7**

[p]laintiff informed [defendant] to stop all calls to him." 2014 WL 12488533, at *2; *see also Davis v. National Brokers of America, Inc.*, No. 18-80462, 2018 WL 7636336, at *2 (S.D. Fla. Oct. 5, 2018) (finding same).

Nowhere in Plaintiff's Amended Complaint or the affidavits submitted to the Court does Plaintiff allege that the text messages continued *after* Plaintiff demanded the Franklin Defendants stop contacting him. On the contrary, Plaintiff's Amended Complaint specifically says Plaintiff was not given an opportunity to "opt out" of receiving the SPAM text messages. Moreover, Plaintiff's allegations with respect to the Franklin Defendants' knowing and/or willful violations of the TCPA are conclusory—no specific facts support Plaintiff's claims. Therefore, the Court finds Plaintiff is not entitled to treble damages because it has failed to allege a sufficient basis indicating the Franklin Defendants acted knowingly and/or willfully.

## II. Taxable Costs

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a "prevailing party" must be allowed to recover costs unless otherwise directed by the Court. "A 'prevailing party,' for purposes of the rule, is a party in whose favor judgment is rendered." *Casais v. Intercounty Laboratories USL, Inc.*, No. 06-21972, 2007 WL 9705879, at *1 (S.D. Fla. July 31, 2007) (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002)). "The TCPA does not provide for recovery of any attorney's fees or costs beyond those specified as taxable costs under 28 U.S.C. [section] 1920." *Davis v. Post University, Inc.*, No 18-81004, 2019 WL 906832, at *4 (S.D. Fla. Feb. 1, 2019) (citing 47 U.S.C. § 227; *Sclafani v. I.C. Sys., Inc.*, No. 09-60174, 2010 WL 1029345, at *4 (S.D. Fla. 2010)). Therefore, the only categories of recoverable expenses in the instant case are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

29 U.S.C. § 1920.  Pursuant to the Eleventh Circuit's decision in *EEOC v. W & O, Inc.*, private process server fees may also be taxed pursuant to 29 U.S.C. section 1920(1).  213 F.3d 600, 620 (11th Cir. 2000).

Plaintiff seeks to recover the following taxable costs:

| DATE | COST | AMOUNT |
|---|---|---|
| 06/29/2018 | New Complaint Filing Fee | $400.00 |
| 07/02/2018 | Service of Process on Perfect Privacy LLC | $85.00 |
| 10/24/2018 | Service of Process on Drew Franklin | $103.50 |
| 10/24/2018 | Service of Process on Allison Franklin | $181.12 |
|  |  | **Total:** $769.62 |

Eggnatz Aff. ¶ 10.  Because the cost of filing a new complaint and costs of process servers are recoverable under 29 U.S.C. section 1920, the Plaintiff is entitled to recover taxable costs in the amount of $769.62.

## **CONCLUSION**

Plaintiff has provided a sufficient basis for determining that the Franklin Defendants negligently violated the TCPA.  However, Plaintiff has failed to establish a sufficient basis to

establish that the Franklin Defendants knowingly and/or willfully violated the TCPA. Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment [ECF No. 55] is **GRANTED IN PART AND DENIED IN PART**.

2. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, a Final Default Judgment will be entered by separate order, inclusive of the taxable costs awarded to Plaintiff.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of July, 2019.

_____

**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**